**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CV-10-00004-PHX-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| 2007 Custom Motorcycle; VIN: ) 1R9SM29627I423003, ) | |
| Defendant. ) | |

The court has before it claimant Indy Route 66 Cycles, Inc.'s motion to dismiss (doc. 10), the United States' response (doc. 11), and claimant's reply (doc. 13).

**I**

The government alleges that defendant, a 2007 custom motorcycle, is subject to civil forfeiture because it constitutes proceeds of drug trafficking under 21 U.S.C. § 881(a)(6) and property involved in a money laundering transaction under 18 U.S.C. § 981(a)(1)(A). According to the government, the motorcycle belongs to Timothy Allen. From about 2007 until his arrest in April 2009, Allen allegedly made regular trips to the Phoenix, Arizona area to purchase and repackage large amounts of marijuana for transport to Indiana. In October 2009, he pled guilty in this court to possession of, and conspiracy to possess, 100 kilograms or more of marijuana with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 846. He also pled guilty to making a false statement to the government concerning the real estate he owned, in violation of 18 U.S.C. § 1001. Allen allegedly used the proceeds from drug

trafficking to purchase motorcycles, businesses, and real estate in Arizona and Indiana, including the motorcycle in question.

In May 2009, the government found the motorcycle in the garage of an Indiana home owned by Allen's sister, Tena Allen. During an interview, Tena allegedly said that the motorcycle belonged to Allen. According to the government, she said that Allen would buy empty lots and homes and transfer them to her business, T.A.K.E. 3 Investments, LLC, without any payment in return. Records show that Allen transferred about thirteen properties to the business in October 2006. The properties were allegedly remodeled and sold, with Tena and Allen splitting the profits. Tena and Allen also apparently co-owned businesses named Cars 4 U Auto Sales, LLC and Reptile Cycles Rebuild, LLC. Tena allegedly said that Allen worked as a contractor, but she did not know where his money came from, and she was not sure what types of jobs he was doing. When the government seized two motorcycles from Tena's garage, including the one in question, she allegedly said that she knew nothing about them.

Claimant, an Indianapolis motorcycle business, asserts ownership of the motorcycle. It apparently built the motorcycle for Allen in April 2007. According to the government, claimant's vice president, Vince Ballard, told investigators in May 2009 that Allen always paid in cash and still owed $5,000.00 on the motorcycle. When Ballard was asked if he knew what Allen did for a living, he allegedly said that he had his suspicions Allen was involved in drug trafficking. In June 2009, claimant filed a private mechanic's lien on the motorcycle for $20,000.00. In July 2009, Allen wrote the government a letter disclaiming ownership of the motorcycle and asserting that it belonged to claimant. The motorcycle is currently in the custody of the United States Marshals Service in Indianapolis. It is allegedly worth around $30,000.00, down from $85,000.00 several years ago.

Claimant moves to dismiss for failure to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P. It also challenges venue in the District of Arizona and contends that the Southern District of Indiana would be a more convenient forum.

**II**

Civil in rem forfeiture actions arising from a federal statute are governed by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. Rule G(1), Fed. R. Civ. P. Supp. R. The pleading requirements are set out in Rule G(2), Fed. R. Civ. P. Supp. R. A complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Rule G(2)(f), Fed. R. Civ. P. Supp. R. Pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983, the burden of proof at trial "is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1). Thus, the complaint must contain enough detailed facts to support a reasonable belief that the government will be able to show that the motorcycle constitutes proceeds traceable to an illegal drug transaction, 21 U.S.C. § 881(a)(6), and, in relevant part, was involved in an illegal money laundering transaction, 18 U.S.C. § 981(a)(1)(A).[1] Because the government's theory of forfeiture is that the motorcycle was involved in the commission of an offense, the complaint must also support a reasonable belief that the government will be able to show that there was a "substantial connection between the property and the offense." Id. § 983(c)(3).

Claimant contends that the government fails to state a claim because it neither alleges that Allen trafficked in motorcycles nor demonstrates that he paid for the motorcycle. When ruling on a Rule 12(b)(6) motion, which a claimant may bring under Rule G(8)(b), Fed. R. Civ. P. Supp. R., we must accept well-pled facts as true and draw reasonable inferences in

---

[1] The government's claims are somewhat broader. The statute reaches property involved in completed or attempted transactions in violation of money laundering statutes, 18 U.S.C. §§ 1956-1957, as well as property traceable to such property. 18 U.S.C. § 981(a)(1)(A). In addition, the government invokes 18 U.S.C. § 981(a)(1)(C), which, in relevant part, reaches property derived from proceeds traceable to a conspiracy to commit a money laundering violation. Id. § 981(a)(1)(C) (incorporating offenses listed in 18 U.S.C. § 1956(c)(7), which includes offenses listed in 18 U.S.C. § 1961(1), which includes violations of 18 U.S.C. §§ 1956-1957).

favor of the non-moving party. Ashcroft v. Iqbal, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009). The government provides a detailed account of a convicted drug trafficker, Allen, who converted significant assets into business profits with the help of his sister, who says that the motorcycle belongs to him. She also says that they co-owned a motorcycle business. Moreover, a claimant executive acknowledged that Allen always paid in cash and still owes $5,000.00 on the motorcycle, which was worth considerably more than that amount when it was built. Taken as true, the government's factual allegations support a reasonable belief that it will be able to prevail on the merits. Therefore, we deny claimant's motion to dismiss based on a failure to state a claim.

We note that claimant raises concerns with the government's ability to show that it had probable cause to institute this forfeiture action. The forfeiture statutes relied on by the government incorporate a customs law, 19 U.S.C. § 1615, which requires the government to show probable cause to institute a forfeiture action before the burden of proof shifts to a claimant. See 18 U.S.C. § 981(d) (incorporating consistent customs laws); 21 U.S.C. § 881(d) (same). Where CAFRA applies, as here, it replaces the burden of proof under 19 U.S.C. § 1615 with a preponderance of the evidence standard based on evidence gathered either before or after the filing of a complaint. See 18 U.S.C. § 983(c)(2). CAFRA does not, however, affect the government's requirement to show probable cause to institute a forfeiture action under 19 U.S.C. § 1615, as incorporated. United States v. $493,850.00 in U.S. Currency, 518 F.3d 1159, 1166-69 (9th Cir. 2008). Although the probable cause requirement focuses on the institution of a forfeiture action, it is an evidentiary burden and not a pleading requirement. See Rule G(8)(b)(ii), Fed. R. Civ. P. Supp. R. ("The sufficiency of the complaint is governed by Rule G(2)."); Rule G(8)(b)(ii), Fed. R. Civ. P. Supp. R. advisory committee's note ("The adequacy of the complaint is measured against the pleading requirements of subdivision (2), not against the quality of the evidence available to the government when the complaint was filed."). Thus, claimant must raise its concerns that go beyond the requirements of Rule G(2), Fed. R. Civ. P. Supp. R., in a motion for summary judgment or at trial.

**III**

Next, claimant contends that venue is improper in the District of Arizona. Under 28 U.S.C. § 1355:

> (b)(1) A forfeiture action or proceeding may be brought in –
> (A) the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, or
> (B) any other district where venue for the forfeiture action or proceeding is specifically provided for in section 1395 of this title or any other statute.
>
> \*\*\*
>
> (d) Any court with jurisdiction over a forfeiture action pursuant to subsection (b) may issue and cause to be served in any other district such process as may be required to bring before the court the property that is the subject of the forfeiture action.

28 U.S.C. § 1355(b)(1), (d). The government maintains that venue is proper in this district because Allen's regular purchasing and repackaging of marijuana in Arizona for transport to Indiana constitute acts giving rise to the forfeiture. Aside from evidentiary contentions already rejected, claimant argues that § 1355(b) confers jurisdiction but not venue.

When Congress amended § 1355 to add the above provisions in 1992, it referred to a court having jurisdiction "pursuant to subsection (b)" in § 1355(d), suggesting that § 1355(b) is a jurisdictional grant. Contents of Account No. 03001288 v. United States, 344 F.3d 399, 403 (3d Cir. 2003) (holding that § 1355(b) confers in rem jurisdiction and not merely venue). Indeed, the Ninth Circuit recently held that § 1355(b) confers in rem jurisdiction. United States v. Approximately $1.67 Million, 513 F.3d 991, 998 (9th Cir. 2008) (agreeing with the analysis of the Third Circuit without mentioning venue). In § 1355(b), Congress used the "may be brought in" language of venue. United States v. $633,021.67 in U.S. Currency, 842 F. Supp. 528, 534 (N.D. Ga. 1993) (holding that § 1355(b) confers both in rem jurisdiction and venue). Thus, the plain language of the statute supports the government's interpretation that it confers venue in addition to in rem jurisdiction. On the other hand, were claimant's contention that it does not address venue correct, § 1355(b)(1)(B) would grant jurisdiction in any district where venue lies and § 1355(b)(1)(A) would grant jurisdiction in additional districts where venue does not. Such

a regime would make little sense. We conclude that § 1355(b) confers venue, which is otherwise proper in this district because acts giving rise to the forfeiture, as alleged, occurred here. Thus, we deny claimant's motion to dismiss based on improper venue.

## IV

Claimant also moves to dismiss on the grounds that the Southern District of Indiana would be more a convenient forum. Claimant invokes the doctrine of <u>forum non conveniens</u>. In federal courts, the doctrine applies "only in cases where the alternative forum is abroad, and perhaps in rare instances" involving state or territorial courts. <u>Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.</u>, 549 U.S. 422, 430, 127 S. Ct. 1184, 1190 (2007) (citation omitted). Where the alternative forum is another federal court, the proper inquiry is under 28 U.S.C. § 1404(a), which states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Although the question is one of transfer and not of dismissal, the relevant factors are similar to the doctrine of <u>forum non conveniens</u>. They include the plaintiff's choice of forum, the parties' contacts with the forum, the location where any relevant agreements were made, the forum most familiar with the governing law, the ease of access to sources of proof, the availability of compulsory process to compel attendance of unwilling non-party witnesses, and the relative costs of litigation in the two forums. <u>Jones v. GNC Franchising</u>, 211 F.3d 495, 498-99 (9th Cir. 2000). The moving party bears the burden of making "a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." <u>Decker Coal Co. v. Commonwealth Edison Co.</u>, 805 F.2d 834, 843, (9th Cir. 1986). Moreover, transfer is inappropriate where it would merely shift the inconvenience to another party. <u>See id.</u>

Claimant asserts that the Southern District of Indiana would be more convenient because the motorcycle, claimant, claimant's witnesses, and claimant's counsel are located in Indiana. It also asserts that attending proceedings in Arizona would be so expensive and onerous that it would be denied a meaningful opportunity to contest the forfeiture. While the government concedes that the Southern District of Indiana is an adequate alternative forum,

it contends that its choice of forum should be respected. It says that its witnesses, two agents, are based in Arizona and its counsel, including the two lawyers who prosecuted Allen, would continue to be responsible for this action if it were transferred. The government also says that the evidence linking Allen's drug trafficking activities to the motorcycle is in Arizona, and it points out that claimant fails to identify its witnesses, their willingness to testify, or the importance of their testimony. In reply, claimant identifies two claimant executives, Tena Allen, and Indiana Bureau of Motor Vehicle officials as witnesses.

Claimant fails to make a strong showing of inconvenience. Both forums are inconvenient to one of the parties and its witnesses. Transfer would merely shift the inconvenience to the government and disturb its choice of forum. Arizona also has an interest in combating the consequences of local drug trafficking with coordinated resources. Although claimant does not provide any indication of the importance of its witnesses, we note that it is unlikely that the testimony of motor vehicle department officials would be necessary should claimant wish to admit motor vehicle records. We also note that claimant identifies Tena as a witness while emphasizing her alleged statement that she did not know anything about the motorcycle, which suggests that it primarily intends to impeach any testimony she might offer. Of course, if she does not testify, claimant need not impeach her testimony. Finally, claimant's counsel is advised that he may request to appear telephonically at any pre-trial proceedings. Because claimant fails to meet its burden, we deny its motion to dismiss construed as one for change of venue under 28 U.S.C. § 1404(a).

**IT IS THEREFORE ORDERED DENYING** Indy Route 66 Cycles, Inc.'s motion to dismiss (doc. 10).

DATED this 6th day of July, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge