**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CV-10-00004-PHX-FJM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| 2007 Custom Motorcycle; VIN: | ) | |
| 1R9SM29627I423003, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The court has before it the United States' motion to strike (doc. 23), claimant Indy Route 66 Cycles, Inc.'s response (doc. 24), and the government's reply (doc. 25). We also have before us the government's motion to stay discovery (doc. 27), claimant's response (doc. 28), and the government's reply (doc. 29).

**I**

Claimant is a motorcycle company based in Indianapolis, Indiana. In April 2007, it apparently finished building a custom motorcycle commissioned by Timothy Allen. Claimant asserts that it kept the motorcycle in storage because Allen failed to complete payment for it. The government asserts that claimant delivered the motorcycle to Allen in April 2007. In April 2009, the government arrested Allen on drug charges, and, the following month, it seized the motorcycle from the garage of an Indiana home owned by

1  Allen's sister.

2  The government alleges that the motorcycle is subject to civil forfeiture because it
3  constitutes proceeds of drug trafficking under 21 U.S.C. § 881(a)(6) and property involved
4  in a money laundering transaction under 18 U.S.C. § 981(a)(1)(A). Civil in rem forfeiture
5  actions arising from a federal statute are governed by the Supplemental Rules for Admiralty
6  or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.
7  Rule G(1), Fed. R. Civ. P. Supp. R. The government moves under Rule G(8)(c)(i)(B), Fed.
8  R. Civ. P. Supp. R., which allows the government to move to strike a claim or answer
9  because the claimant lacks standing. To contest a forfeiture action, a claimant must be able
10 to demonstrate that he has a sufficient interest in the seized property. United States v.
11 $133,420.00 in U.S. Currency, No. CV-09-8096-PCT-NVW, 2010 WL 2594304, at *4 (D.
12 Ariz. June 23, 2010).

13 In this case, the government moves to strike claimant's claim and answer at the
14 summary judgment stage. At this stage, a claimant need not prove the existence of an interest
15 in the property, but he must be able to show "by a preponderance of the evidence that he has
16 a facially colorable interest" in the property. United States v. $148,840.00 in U.S. Currency,
17 521 F.3d 1268, 1273 (10th Cir. 2008). "In the event disputed issues of material fact preclude
18 summary judgment, the Court may evaluate standing by a preponderance of the evidence at
19 an evidentiary hearing without a jury." $133,420.00, 2010 WL 2594304, at *7; see Rule
20 G(8)(c)(ii), Fed. R. Civ. P. Supp. R. advisory committee's note.

21 **II**

22 At the pleading stage, claimant asserted two interests in the motorcycle. It maintained
23 that it owned the motorcycle as evidenced by a Certificate of Origin issued on April 30,
24 2007. Claimant's Response, ex. B at 5. It also claimed an interest through a purported
25 private mechanic's lien noticed and published in June 2009. Id., ex. B at 7-11. The lien was
26 allegedly based on an invoice balance and a $5 daily storage fee beginning on April 30, 2007,
27 and running through a proposed auction date of July 10, 2009. As the government points out,
28 however, claimant clearly did not store the motorcycle after it was seized from Allen's

1  sister's garage in May 2009. In any case, claimant abandons its reliance on the purported
2  lien in its response. Thus, the only remaining question is whether claimant can show a
3  facially colorable ownership interest based on the Certificate of Origin.

4  Under Indiana law, the question of motor vehicle ownership is governed by the sales
5  provisions of Indiana's Uniform Commercial Code ("UCC"). Madrid v. Bloomington Auto
6  Co., 782 N.E.2d 386, 395 (Ind. Ct. App. 2003). Although the government challenges the
7  current significance of the Certificate of Origin, it does not dispute that claimant owned the
8  motorcycle before selling it to Allen. With respect to the alleged sale, the government relies
9  on the following UCC provision, "Unless otherwise explicitly agreed, title passes to the
10 buyer at the time and place at which the seller completes his performance with reference to
11 the physical delivery of the goods." I.C. § 26-1-2-401(2). Claimant does not dispute that this
12 provision applies, and it does not contend that it agreed to different terms with Allen.
13 Therefore, claimant's standing turns on whether it delivered the motorcycle to Allen.

14 On this point, the government first offers an affidavit by claimant's former vice
15 president, Vince Ballard, stating that the motorcycle was "built and delivered on or about
16 4/30/2007." Government's Motion to Strike, ex. A at 1. Ballard also referred to the
17 Certificate of Origin, which purported to transfer the motorcycle from "Route Sixty Six
18 Motorcycle Co." to the company's retail division as a "distributor or dealer," on April 30,
19 2007. Id., ex. D at 14. He went on to state that Allen did not pay for the motorcycle and
20 referred to the purported lien based, in part, on claimant storing the motorcycle starting on
21 April 30, 2007. Id., ex. A at 1. The affidavit is inconclusive. It implies that claimant
22 delivered the motorcycle to Allen, and it asserts that claimant kept the motorcycle in storage.

23 Nevertheless, it is undisputed that the motorcycle was found in Allen's sister's garage
24 two years later, which strongly indicates that claimant delivered it to Allen. Claimant offers
25 no explanation for how the motorcycle ended up with Allen's sister when it was allegedly
26 in storage. Moreover, claimant's position that the motorcycle remained in storage past the
27 date it was seized by the government is plainly spurious. Claimant contends that, at worst,
28 the government presents a question of fact. If we were to hold an evidentiary hearing on the

issue of whether claimant delivered the motorcycle to Allen, however, there is no indication that claimant could meet its burden to show a facially colorable interest in the motorcycle with admissible evidence. Under the circumstances, we grant the government's motion to strike the claim and answer for lack of standing.

**IT IS THEREFORE ORDERED GRANTING** the United States' motion to strike claimant's claim and answer (doc. 23).

**IT IS FURTHER ORDERED DENYING** the United States' motion to stay discovery as moot (doc. 27).

The clerk shall enter final judgment in favor of the United States and against claimant.

DATED this 21st day of January, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge